IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH KONGWA,

        Plaintiff,

v.                                                No. 18cv67 JAP/JHR

CENTURY LINK,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On January 22, 2018, *pro se* Plaintiff filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. No. 1) (Complaint) and his Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) (Application). The Court will **DISMISS** this case **without prejudice** and will **DENY** Plaintiff's Application as moot.

Plaintiff characterizes this action as a "breach of contract case" and alleges that Defendant is "an internet service provider," "was under contract to provide a service" and "did not provide the required service between November 3rd, 2017 and January 18th, 2018." Complaint at 1-2. Plaintiff, who is unemployed, also alleges that "Internet service is vital in a job search" and that due to Defendant's failure to provide internet service, Plaintiff has "lost many job opportunities." Complaint at 2.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff's Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

The Court does not have jurisdiction over this matter. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). Plaintiff is a citizen of New Mexico and alleges that Defendant is also a citizen of New Mexico. *See* Complaint at 1. Consequently, there is no properly alleged diversity jurisdiction. Nor is there any properly alleged federal question jurisdiction because there are no allegations that this action arises under the Constitution, laws, or treaties of the United States.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice** and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is **DENIED as moot.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**